DORÉ, Judge.
This case arises out of an intersectional collision occurring at the corner of Gabasse and High Streets in the City of Houma, Louisiana, between an automobile belonging to plaintiff Lee Marcel, and being driven by his employee, and a truck belonging to Louis Saia and being driven by him. It is the contention of plaintiff that the collision was caused entirely by the gross negligence of Saia in entering Gabasse Street, a favored street, after the intersection had already been preempted by plaintiff’s driver. The specific acts of negligence charged against the defendant are as follows:
“1. Traveling at an excessive and negligent rate of speed of 40 miles an hour.
“2. In failing to keep a proper lookout.
“3. In failing to come to a complete stop before entering the intersection of a right of way street.
“4. In failing to blow his horn before entering the intersection of a right of way street.
“5. In running into your petitioner’s automobile after it had entered the intersection.”
The defendant in his answer admits that the collision occurred but alleges that it was caused by the sole negligence of the plaintiff in running into the truck after the intersection had been pre-empted by the truck. The specific acts of negligence .charged against plaintiff by defendant are as follows:
“a. In driving at a fast, negligent and illegal rate of speed;
“■b. In failing to keep a proper lookout ahead for vehicular traffic crossing at the intersection of Gabasse Street;
“c. In failing to see, or, in the alternative, if he did see defendant’s truck on the intersection, in failing to take proper precautions to avoid t'he collision;
“d. In failing to recognize the right-of-way ®f defendant’s truck, which said truck had pre-empted the intersection by entering the same first at a time when plaintiff’s taxicab was almost a block away;
“e. In negligently running into the side of defendant’s truck after said truck had pre-empted the crossing and almost completed crossing the roadway.”
In the alternative, in the event that it should be found that defendant was negligent, defendant pleads that the plaintiff was guilty of contributory negligence which bars his recovery.
After hearing the case, the trial judge rendered judgment in favor of the plaintiff for the exact amount claimed of $248.02 with legal interest thereon from date of judicial demand, that is, November 5, 1945, and for all costs. The defendant has appealed.
On appeal, the main contention of defendant is that the plaintiff was guilty of contributory negligence and that no matter how slight, he is barred from recovery. We do not believe that there is any question that the defendant was guilty of negligence since the preponderance of the evidence is to the effect that he enterd Gabas-se Street from High Street without making any stop, although there was a stop sign clearly showing that Gabasse was a favored street. In fact, defendant himself admits that he saw the stop sign and contends that he did stop before proceeding to enter Gabasse Street and that just as he had entered Gabasse Street he saw plaintiff’s car traveling at an excessive rate of speed at a distance of one block, which distance is estimated by the trial judge at not less than 242 feet. It does not seem reasonable to believe that plaintiff’s automobile could have traveled that distance while the truck traveled only 16 feet according to the defendant.
There is some question as to whether the automobile was hit by the truck or whether the automobile ran into the truck, but there is no question, from the preponderance of the evidence, that the automobile was traveling properly on a right of way street, whereas, the truck improperly entered the right of way street and created an emergency which the plaintiff’s driver could do nothing about. We have the positive testi *704 mony of an eyewitness who was walking down Gabasse Street and about to cross High Street when the truck came along; that the truck did not stop at all but proceeded at a good rate of speed across the intersection and struck the oncoming plaintiff’s car.
We also have the testimony of plaintiff who stated that he measured the skid marks of the truck to a distance of 40 feet, starting about 20 feet from the intersection and extending about 20 feet within the intersection.
It is also noted from the evidence that the two vehicles ended side by side near the right curb of Gabasse Street. From these physical facts and from the testimony, it appears that what happened was that defendant was driving his truck, a 20,000 pound truck, containing a half load, at a speed probably in excess of the 25 miles per hour required by Ordinance of the City of Houma, Louisiana, and that when he arrived near the intersection he saw the oncoming car and tried to stop but could not do so, and that, as a result, the collision occurred. We are firmly convinced that had the truck driver stopped at the intersection, or even if he had been driving at a slow rate of speed and keeping a proper lookout, that the collision would not have occurred. On the other hand, we do not believe that the 'driver of plaintiff’s automobile can be found guilty of any negligence because he was proceeding at a legal rate of speed in his proper lane of travel on a favored street and could not anticipate the action of the truck driver until too late to do anything about it.
In so far as the quantum of damages is concerned, we believe that the amount claimed has been well proved and is not disputed.
For these reasons, the judgment appealed from is affirmed.